IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS GRANDINETTI, #A0185087,<br><br>    Plaintiff,<br><br>  v.<br><br>HMSF "GOON SQUAD" MEMBERS, *et al.*,<br><br>    Defendants. | CIV. NO. 21-00031 JAO-RT<br><br>DISMISSAL ORDER |

**<u>DISMISSAL ORDER</u>**

Before the Court is pro se prisoner Francis Grandinetti's ("Grandinetti") "Federal Complaint and Injunction Application (TRO)" ("Complaint").  ECF No. 1.  Grandinetti, who is currently incarcerated at the Halawa Correctional Facility ("HCF"), makes various allegations related to his custody classification and the medical care he received at the HCF.  *Id.* at 1.

Grandinetti has accrued three strikes pursuant to 28 U.S.C. § 1915(g).[1]  For more than fifteen years, judges in this district have repeatedly told Grandinetti that

---

[1]  *See*, *e.g.*, *Grandinetti v. Iranon*, No. 96-cv-00101-RC-KFG (E.D. Tex.) (dismissing § 1983 complaint as frivolous on January 26, 1998); *Grandinetti v. Iranon*, No. 96-cv-00118-TH (E.D. Tex.) (dismissing § 1983 complaint as

               (continued . . .)

he may not proceed without prepayment of the filing fee unless his pleadings plausibly show that he was in imminent danger of serious physical injury at the time that he brings an action.[2]  *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53, 1055 (9th Cir. 2007).  Despite these repeated warnings, Grandinetti has continued to file actions without prepaying the filing fee or showing he was in imminent danger of serious physical injury, including more than sixty actions in this court during the last five years alone.[3]

---

(. . . continued)
frivolous on July 20, 1998); *Grandinetti v. Bobby Ross Group, Inc.*, No. 96-cv-00117-TH-WCR (E.D. Tex.) (dismissing § 1983 complaint as frivolous and for failure to state a claim on March 5, 1999); *Grandinette v. U.S. Marshals Serv.*, Civ. No. 00-00489 SOM-FIY (D. Haw.) (dismissing § 1983 complaint for failure to state a claim on August 1, 2000); *Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576, 576 (9th Cir. 2011) (affirming district court's dismissal under 28 U.S.C. § 1915(g)'s "three strikes" provision).

[2]  *See, e.g., Grandinetti v. Stampfle*, Civ. No. 05-00692 HG-LK (D. Haw.); *Grandinetti v. Moga-Rivera*, Civ. No. 06-00095 DAE-LEK (D. Haw.) (Order filed Nov. 14, 2005); *Grandinetti v. Lingle*, Civ. No. 06-00137 HG-LK (D. Haw.) (Order filed Apr. 3, 2006); *Grandinetti v. Arioyoshi*, Civ. No. 06-00146 JMS-LK (D. Haw.) (Order filed Mar. 15, 2006); *Grandinetti v. Bent*, Civ. No. 06-00147 DAE-LK (D. Haw.) (Order filed Mar. 20, 2006); *Grandinetti v. FDC Branch Staff*, Civ. No. 07-00053 DAE-KSC (D. Haw.) (Order filed Feb. 5, 2007); *Grandinetti v. Honolulu Int'l Airport Officials*, Civ. No. 07-00082 JMS-KSC (D. Haw.) (Order filed Feb. 20, 2007); *Grandinetti v. Frank*, Civ. No. 07-00488 SOM-KSC (D. Haw.) (Order filed Sept. 26, 2007); *Grandinetti v. Moga-Riveira*, Civ. No. 12-00397 SOM-KSC (D. Haw.) (Order filed Aug. 8, 2012); *Grandinetti v. Sakai*, Civ. No. 12-00432 HG-RLP (D. Haw.) (Order filed Aug. 10, 2012).

[3]  *See, e.g., Grandinetti v. Redwood Toxicology Lab'y*, Civ. No. 15-00059 LEK-

(continued . . .)

---

(. . . continued)

KSC (D. Haw.); *Grandinetti v. Martinez*, Civ. No. 15-00081 SOM-KSC (D. Haw.); *Grandinetti v. Olsen*, Civ. No. 15-00082 LEK-RLP (D. Haw.); *Grandinetti v. Judiciary of Hawaii*, Civ. No. 15-00089 JMS-RLP (D. Haw.); *Grandinetti v. Taylor*, Civ. No. 15-00294 JMS-KSC (D. Haw.); *Grandinetti v. Humane Restraint Co.*, Civ. No. 15-00456 LEK-BMK (D. Haw.); *Grandinetti v. Matsuoka*, Civ. No. 16-00419 LEK-RLP (D. Haw.); *Grandinetti v. Stampfle*, Civ. No. 16-00436 JMS-RLP (D. Haw.); *Grandinetti v. Alexander*, Civ. No. 16-00480 LEK-KSC (D. Haw.); *Grandinetti v. Sells*, Civ. No. 16-00517 DKW-RLP (D. Haw.); *Grandinetti v. Jinbo*, Civ. No. 16-00674 LEK-KSC (D. Haw.); *Grandinetti v. Espinda*, Civ. No. 17-00004 JMS-RLP (D. Haw.); *Grandinetti v. Mun*, Civ. No. 17-00215 DKW-KJM (D. Haw.); *Grandinetti v. Honolulu Police Dep't*, Civ. No. 17-00294 DKW-KJM (D. Haw.); *Grandinetti v. Urine Drug Test*, Civ. No. 17-00418 LEK-KSC (D. Haw.); *Grandinetti v. Hawaii*, Civ. No. 17-00505 DKW-KJM (D. Haw.); *Grandinetti v. Agaron-Payne Auditors*, Civ. No. 17-00591 JMS-KJM (D. Haw.); *Grandinetti v. Heggman*, Civ. No. 18-00111 HG-RLP (D. Haw.); *Grandinetti v. Espinda*, Civ. No. 18-00208 JMS-KJM (D. Haw.); *Grandinetti v. Liaux*, Civ. No. 18-00289 JMS-RLP (D. Haw.); *Grandinetti v. Hawaii*, Civ. No. 18-00374 LEK-KJM (D. Haw.); *Grandinetti v. Hegmann*, Civ. No. 18-00396 DKW-RLP (D. Haw.); *Grandinetti v. Hamidi*, Civ. No. 18-00483 JAO-KJM (D. Haw.); *Grandinetti v. Mee*, Civ. No. 19-00187 LEK-KJM (D. Haw.); *Grandinetti v. Off. of the Pub. Def.*, Civ. No. 19-00205 LEK-RT (D. Haw.); *Grandinetti v. Pule*, Civ. No. 19-00208 DKW-RT (D. Haw.); *Grandinetti v. Zollinger*, Civ. No. 19-00242 JMS-RT (D. Haw.); *Grandinetti v. Ige*, Civ. No. 19-00278 DKW-RT (D. Haw.); *Grandinetti v. Corr. Corp. of Am. (CCA)*, Civ. No. 19-00291 JAO-KJM (D. Haw.); *Grandinetti v. Mun*, Civ. No. 19-00305 LEK-RT (D. Haw.); *Grandinetti v. Thomas*, Civ. No. 19-00312 JAO-KJM (D. Haw.); *Grandinetti v. Trump*, Civ. No. 19-00341 JAO-WRP (D. Haw.); *Grandinetti v. Thomas*, Civ. No. 19-00360 LEK-KJM (D. Haw.); *Grandinetti v. Circuit Ct. of the Third Circuit*, Civ. No. 19-00384 JAO-KJM (D. Haw.); *Grandinetti v. Oshiro*, Civ. No. 19-00409 JMS-KJM (D. Haw.); *Grandinetti v. Espinda*, Civ. No. 19-00419 HG-KJM (D. Haw.); *Grandinetti v. Loza*, Civ. No. 19-00526 JMS-WRP (D. Haw.); *Grandinetti v. CoreCivic*, Civ. No. 19-00556 JAO-KJM (D. Haw.); *Grandinetti v. Haw. Paroling Auth. (HPA)*, Civ. No. 19-00559 SOM-KJM (D. Haw.); *Grandinetti v. Agaran*, Civ. No. 19-00568 LEK-KJM (D. Haw.); *Grandinetti v. Barajas*, Civ. No. 19-00569 JAO-KJM (D. Haw.); *Grandinetti v. Mee*, Civ. No. 19-00591 HG-WRP (D. Haw.); *Grandinetti v. Macadamia*, Civ. No. 19-00605 JAO-WRP (D. Haw.);

(continued . . .)

Grandinetti again fails to show that he was in imminent danger of serious physical injury when he filed this Complaint.  *See* ECF No. 1.  Grandinetti claims that he should not have been moved to the HCF's special holding unit.  *Id.* at 1.  Grandinetti also claims that he did not receive adequate medical care after other inmates assaulted him.  *Id.*  Grandinetti has not plausibly shown, however, that he was in imminent danger of serious physical injury at the time that he initiated this action.  *See Young v. Peterson*, 548 F. App'x 479, 480 (9th Cir. 2013) (affirming

---

(. . . continued)

*Grandinetti v. Saguaro Corr. Ctr.*, Civ. No. 19-00607 JMS-KJM (D. Haw.); *Grandinetti v. Off. of Disciplinary Couns.*, Civ. No. 19-00626 DKW-RT (D. Haw.); *Grandinetti v. Roth*, Civ. No. 19-00634 DKW-RT (D. Haw.); *Grandinetti v. Bradley*, Civ. No. 19-00684 LEK-WRP (D. Haw.); *Grandinetti v. Governors*, Civ. No. 19-00685 LEK-WRP (D. Haw.); *Grandinetti v. Anderson*, Civ. No. 20-00014 DKW-KJM (D. Haw.); *Grandinetti v. Hegmann*, Civ. No. 20-00017 DKW-RT (D. Haw.); *Grandinetti v. Valenzuela*, Civ. No. 20-00042 JMS-RT (D. Haw.); *Grandinetti v. Mun*, Civ. No. 20-00055 HG-RT (D. Haw.); *Grandinetti v. Frink*, Civ. No. 20-00068 DKW-RT (D. Haw.); *Grandinetti v. Ioane*, Civ. No. 20-00086 JMS-WRP (D. Haw.); *Grandinetti v. Espinda*, Civ. No. 20-00088 JMS-WRP (D. Haw.); *Grandinetti v. Mee*, Civ. No. 20-00110 LEK-RT (D. Haw.); *Grandinetti v. Sebastian*, Civ. No. 20-00109 SOM-KJM (D. Haw.); *Grandinetti v. CoreCivic*, Civ. No. 20-00155 JMS-RT (D. Haw.); *Grandinetti v. Robertson*, Civ. No. 20-00180 JAO-KJM (D. Haw.); *Grandinetti v. Rodby*, Civ. No. 20-00190 DKW-WRP (D. Haw.); *Grandinetti v. Hawaii*, Civ. No. 20-00253 SOM-RT (D. Haw.); *Grandinetti v. Off. of the Pub. Def.*, Civ. No. 20-00276 JAO-WRP (D. Haw.); *Grandinetti v. Inst. Grievance Officers, DPS-HI*, Civ. No. 20-00332 JAO-KJM (D. Haw.); *Grandinetti v. Nale*, Civ. No. 20-00344 JAO-RT (D. Haw.); *Grandinetti v. Komori*, Civ. No. 20-00346 DKW-WRP (D. Haw.); *Grandinetti v. Barajas*, Civ. No. 20-00347 LEK-RT (D. Haw.); *Grandinetti v. Harrington*, Civ. No. 20-00408 LEK-RT (D. Haw.); *Grandinetti v. Ruiz*, Civ. No. 20-00469 DKW-RT (D. Haw.); *Grandinetti v. Feldt*, Civ. No. 20-00467 SOM-KJM (D. Haw.); *Grandinetti v. HMSF Intake/Screening Physician*, Civ. No. 20-00471 LEK-WRP (D. Haw.).

denial of application to proceed in forma pauperis because plaintiff "failed to allege sufficient facts to show that he was under an imminent danger of serious physical injury when he lodged his complaint" (citations omitted)); *Reberger v. Baker*, 657 F. App'x 681, 684 (9th Cir. 2016) ("[Plaintiff's] allegations . . . are too vague and speculative to invoke the exception to the three-strikes rule.").

Grandinetti claims that one adult corrections officer ("ACO") "implied" that he wanted the "Goon Squad" to "punch Grandinetti around," "maybe kick" him "a lot," or "beat him up" on December 22, 2020.  ECF No. 1 at 1.  Grandinetti further claims that this ACO and others suggested they might "rough him up" on the way to the Special Holding Unit ("SHU").  *Id.*  Grandinetti does not claim, however, that the ACOs ever did any of these things to him.

To the extent Grandinetti claims he told a doctor that "they" had "punched him, blinded [his] left eye, stole his dinner, and took all his property," *id.*, it appears that he is referring to an alleged attack by other inmates on December 22, 2020.  *See Grandinetti v. Dep't of Health*, No. 21-00030 DKW-RT (D. Haw. Jan 11, 2021), ECF No. 1 (alleging that other inmates attacked Grandinetti at dinner and took his meal).  He does not claim, however, that he faced an imminent danger of harm from other inmates when he filed this Complaint.  Indeed, Grandinetti acknowledges that prison officials moved him to the SHU.  ECF No. 1 at 1.

Finally, regarding Grandinetti's assertion that he has had "[n]o M.D. interviews or exams at all for three weeks," the dates do not add up. *Id.* Grandinetti's allegedly sustained injuries on December 22, *id.*, and he gave the Complaint to prison officials for mailing on the morning of January 6—that is, only fifteen days later, *see* ECF No. 1-1 at 1. Moreover, Grandinetti does not claim that he requested, or explain why he needed, additional medical care. Thus, despite Grandinetti's allegations of past mistreatment, he has not plausibly shown that he was in imminent danger of serious physical injury when he filed this Complaint. *See Andrews*, 493 F.3d at 1053 ("[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."); *Thompson v. Paleka*, No. 1:17-cv-00531 SOM-KJM, 2018 WL 295797, at *2 (D. Haw. Jan. 5, 2018) ("Vague and utterly conclusory assertions of imminent danger are insufficient." (internal quotation marks, brackets, and citations omitted)).

The Court construes Grandinetti's filing of this action without paying the civil filing fee as an informal request to proceed in forma pauperis. So construed, the request is DENIED, and this action is DISMISSED without prejudice. This does not prevent Grandinetti from raising his claims in a new action with concurrent payment of the civil filing fee. Because the action is dismissed,

any request for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a) is

DENIED as moot.  The Clerk is DIRECTED to terminate this case.  The Court will

take no action on documents filed herein beyond processing a notice of appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, February 1, 2021.



Jill A. Otake
United States District Judge

*Grandinetti v. HMSF "Goon Squad" Members, et al.*, Civil No. 21-00031 JAO-RT; DISMISSAL ORDER